DANIEL S. MILLER (State Bar No. 218214)
dmiller@millerbarondess.com
MILLER BARONDESS, LLP
1999 Avenue of the Stars, Suite 1000
Los Angeles, California 90067
Telephone:  (310) 552-4400
Facsimile:   (310) 552-8400

DENNIS W. CHANG (State Bar No. 135613)
dennis@changlaw.com
THE LAW OFFICES OF DENNIS W. CHANG, P.C.
1055 West 7th Street, Suite 2800
Los Angeles, California 90017
Telephone:  (213) 553-1122
Facsimile:   (213) 553-1125

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LUIS VALENZUELA, an individual; JAMES NICHOLS, an individual; THE CITY OF LOS ANGELES, a municipality,<br><br>　　　　　Defendants. | **CASE NO.  CV 16-2085**<br><br>**COMPLAINT FOR:**<br><br>1) **ASSAULT;**<br><br>2) **SEXUAL BATTERY;**<br><br>3) **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;**<br><br>4) **FALSE IMPRISONMENT;**<br><br>5) **DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FOURTH AMENDMENT);**<br><br>6) **DEPRIVATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983 (FOURTEENTH AMENDMENT); AND**<br><br>7) **VIOLATION OF CIVIL CODE § 52.1**<br><br>**DEMAND FOR JURY TRIAL** |

283942.3

COMPLAINT

Plaintiff Jane Doe ("Jane Doe" or "Plaintiff") alleges in her Complaint against Luis Valenzuela, James Nichols, and the City of Los Angeles ("City") as follows:

## INTRODUCTION

1. The police have enormous power over citizens, which is supposed to enable them to "protect and serve" the public. This case involves an appalling abuse of police power whereby two Los Angeles Police Department ("LAPD") officers used their authority to sexually assault vulnerable victims. The officers must be held accountable for their despicable conduct.

2. In December 2009, LAPD officers James Nichols and Luis Valenzuela raped Plaintiff twice, both times in an LAPD vehicle, and while the officers were on duty.

3. After sexually assaulting Plaintiff, Nichols and Valenzuela threatened her and told her to keep quiet. She was terrified of them. They worked her neighborhood. They knew her. They said they would put her in jail and spread word that Plaintiff was a "snitch" if she told anybody about the sexual assaults.

4. Plaintiff was not Nichols' and Valenzuela's only victim. Between 2008 and 2010, the officers committed similar sexual assaults on at least four other women. The officers' modus operandi in each case was the same: find a vulnerable victim (usually a drug user), earn her trust, and then threaten her with arrest. Then, using the LAPD's vehicle and acting under color of authority, drive her to a secluded place and force her to perform a sexual act on one of the officers.

5. Like Nichols' and Valenzuela's other victims, Plaintiff was young and vulnerable. She depended on the police to protect her. Instead, they abused their authority and trust to sexually assault her – twice – in the back of their police vehicle.

6. On February 17, 2016 Officers Nichols and Valenzuela were arrested and charged with more than a dozen felonies for sexually assaulting multiple women under color of authority.

283942.3

1

COMPLAINT

7. With respect to Plaintiff, Defendants were charged with the crimes of (i) Forcible Rape in violation of Penal Code Section 261(a)(2), because Defendants "did unlawfully have and accomplish an act of sexual intercourse with . . . JANE DOE # 3 [Plaintiff] . . . against said person's will, by means of force, violence, duress, menace and fear of immediate and unlawful bodily injury"; and (ii) Rape by Threat to Arrest or Deport in violation of Penal Code Section 261(a)(7), because Defendants "did unlawfully have and accomplish an act of sexual intercourse with . . . JANE DOE # 3 [Plaintiff] . . . said act being accomplished by the defendant threatening to use the authority of a public official to incarcerate, arrest, and deport the victim."

## PARTIES, JURISDICTION, AND VENUE

8. At the time of the incidents alleged herein, Plaintiff resided in Los Angeles, California.

9. At the time of the incidents alleged herein, Nichols and Valenzuela were officers in the LAPD, which has its place of business in Los Angeles, California, within the Central District. On information and belief, Nichols and Valenzuela both live within the Central District and are currently incarcerated in Los Angeles County jail. They are sued both in their personal and in their official capacities.

10. The City is a municipal corporation duly organized and existing under the laws of the State of California. The LAPD is an agency of the City, and all actions of the LAPD and its officers are the legal responsibility of the City. The City is responsible for state law claims on the basis of *respondeat superior*, pursuant to California Government Code § 815.2.

11. This is a civil suit brought under the Civil Rights Act, 42 U.S.C. §1983, for violations of Plaintiff's rights under the United States Constitution. This Court has subject matter jurisdiction over the parties and this action pursuant to 28 U.S.C. § 1343, 28 U.S.C. § 1331, 28 U.S.C. § 1367, and under principles of pendent

jurisdiction.

12. This suit seeks compensatory and punitive damages against Defendants as permitted by law.

13. Venue is proper in this Court because the events giving rise to each of these causes of action occurred in Los Angeles, California, within the Central District.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Pursuant to Section 910 of the California Government Code, Plaintiff filed a claim against the City of Los Angeles; her claim was denied.

## BACKGROUND

**Officers Nichols and Valenzuela Sexually Assault Plaintiff**

15. In 2009, Plaintiff was living in Los Angeles, where she grew up.

16. Nichols and Valenzuela were officers in the LAPD. They were assigned to the LAPD's Hollywood Division and worked the undercover narcotics beat.

17. Nichols and Valenzuela encountered Plaintiff in December 2009, after she was arrested for a drug offense. Officers Nichols and Valenzuela transported Plaintiff, along with another female, in a Volkswagen Jetta to the Women's Detention Center in Van Nuys. The Jetta was owned by the LAPD and used by undercover officers like Nichols and Valenzuela.

18. During the trip from Hollywood to Van Nuys, Nichols and Valenzuela tried to convince Plaintiff to become a confidential informant ("CI"). They said they would protect her if she became a CI and that they would help her get out of jail.

19. The other female was booked into the Van Nuys facility. Before Plaintiff was booked, Officer Valenzuela drove her in the Jetta to a secluded location. There, in the back seat of the car, Valenzuela forced Plaintiff to perform sex on him.

20. After the sexual assault, Officer Valenzuela gave Plaintiff drugs. He told her to take them. Officer Valenzuela also told Plaintiff not to tell anybody about the sexual assault; nobody would believe her if she said anything.

21. In late December 2009, Officer Nichols picked Plaintiff up to take her to court. Officer Nichols also picked her up after the court hearing. He was driving the same Jetta. Nichols drove Plaintiff, in the Jetta, to a secluded location and sexually assaulted her in the back seat of the car.

22. Like Valenzuela, Officer Nichols told Plaintiff not to tell anybody about the sexual assault. Officers Nichols and Valenzuela also threatened Plaintiff. They said they would send her to jail or would spread word that she was a "snitch" if she said anything about the sexual assaults.

23. Plaintiff was afraid of Officers Nichols and Valenzuela and believed the officers' threats. She believed her life would be in danger if she told anybody about the assaults.

**Modus Operandi**

24. Plaintiff was not the only woman to be assaulted by Officers Nichols and Valenzuela. Between 2008 and 2010, the officers sexually assaulted at least four other women. The officers' modus operandi in each case was the same: find a vulnerable victim (usually a drug user), earn her trust, and then threaten her with arrest. Then, using the LAPD's Jetta and acting under color of authority, drive her to a secluded place and force her to perform a sexual act on one of the officers. Both Nichols and Valenzuela engaged in this conduct.

25. The LAPD knew about at least one of the officers' victims in January 2010. It discovered another victim in January 2011. The profile was the same: both women had been arrested for drug-related crimes in Hollywood and were, or were being recruited to be, CIs. But the LAPD swept the complaints under the rug. It transferred Nichols and Valenzuela to different divisions. It failed to investigate the victims' complaints. It did not try to find other victims, like Plaintiff. In fact, it

took the LAPD more than five years to contact Plaintiff.

**Victim # 5**

26. Four of Defendants' victims were known to the LAPD for years. Defendants' sexual assault of Plaintiff was only recently discovered. In October 2015, Plaintiff was contacted by LAPD detectives who had taken over the investigation of Officers Nichols and Valenzuela. That was the first time anybody from law enforcement had contacted Plaintiff about the officers. Plaintiff was scared and uncertain. She was afraid to say anything because of Nichols' and Valenzuela's threats.

27. The LAPD detectives told Plaintiff that they would protect her. They said the officers had been taken off the street and that the DA planned to file criminal charges against them. Plaintiff learned that information for the first time in October 2015. Despite her continued fear of Officers Nichols and Valenzuela (based on their prior threats), Plaintiff felt compelled to tell the detectives the truth about the sexual assaults. Officers Nichols and Valenzuela were charged with 18 felonies on February 17, 2016.

28. Plaintiff continues to suffer from the physical and psychological traumas of the two sexual assaults. She has suffered emotional distress, resulting in medical costs and other damages.

29. Officers Nichols and Valenzuela acted under color of authority when they sexually assaulted Plaintiff. They abused the power that the law gives them as police officers. Therefore, the LAPD is responsible for the officers' despicable actions and should compensate Plaintiff for the harm she has suffered and will suffer in the future.

## EQUITABLE ESTOPPEL/TOLLING

30. Plaintiff's administrative claim was filed on February 22, 2016, and denied on March 3, 2016.

///

31. Defendants are equitably estopped from asserting a statute of limitations defense as to the filing of the administrative claim and this lawsuit because Plaintiff was dissuaded from bringing the claim by the threats of Officers Nichols and Valenzuela.

32. The statute of limitations should be tolled until February 17, 2016, when Officers Nichols and Valenzuela were arrested and criminally charged with 18 felony counts.

## FIRST CAUSE OF ACTION
## ASSAULT
**(Against Nichols, Valenzuela, and the City)**

33. Plaintiff refers to and incorporates the preceding and subsequent allegations of this Complaint.

34. In performing the above-alleged wrongful and malicious acts, Nichols and Valenzuela acted with intent to cause a harmful or offensive contact and threatened to, and did, touch Plaintiff in a harmful or offensive manner.

35. Plaintiff reasonably believed she was about to be touched in a harmful or offensive manner, and it reasonably appeared to Plaintiff that Nichols and Valenzuela were about to carry out the threat.

36. Plaintiff did not consent to Nichols' or Valenzuela's conduct. She was harmed. And the officers' conduct was a substantial factor in causing Plaintiff's harm.

37. In performing the acts alleged herein, Nichols and Valenzuela were acting within the course and scope of their employment as officers of the LAPD, which is an agency of the City. Thus, the City is liable for their actions under California Government Code § 815.2.

38. As an actual and proximate cause of the wrongful and malicious acts of Nichols and Valenzuela, Plaintiff suffered physical, emotional, and psychological harm in an amount to be proven at trial. Nichols and Valenzuela both acted with

oppression and malice.  Therefore, Plaintiff is also entitled to punitive damages against Nichols and Valenzuela.

## SECOND CAUSE OF ACTION
## SEXUAL BATTERY
### (Against Nichols, Valenzuela, and the City)

39. Plaintiff refers to and incorporates the preceding and subsequent allegations of this Complaint.

40. Nichols and Valenzuela intentionally caused harmful and offensive contact with Plaintiff.  Through force and threats, Nichols and Valenzuela compelled Plaintiff to perform sexual acts on them.

41. Plaintiff did not consent to these intimate touchings.  She was harmed and offended by Nichols' and Valenzuela's conduct, and a reasonable person in her position would have been offended by the forced touchings.

42. In committing the acts alleged herein, Nichols and Valenzuela were acting within the course and scope of their employment as officers of the LAPD, which is an agency of the City.  Thus, the City is liable for their actions under California Government Code § 815.2.

43. As an actual and proximate cause of the wrongful and malicious acts of Nichols and Valenzuela, Plaintiff suffered physical, emotional, and psychological harm in an amount to be proven at trial.  Nichols and Valenzuela both acted with oppression and malice.  Therefore, Plaintiff is also entitled to punitive damages against Nichols and Valenzuela.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Against Nichols, Valenzuela, and the City)

44. Plaintiff refers to and incorporates the preceding and subsequent allegations of this Complaint.

///

45. In committing the acts alleged herein, Nichols and Valenzuela engaged in extreme and outrageous conduct with the intent to cause, or with reckless disregard for the probability of causing, emotional distress to Plaintiff.

46. Plaintiff suffered extreme or severe emotional distress as a result of Nichols' and Valenzuela's acts as alleged herein. Nichols' and Valenzuela's extreme and outrageous conduct was the actual and proximate cause of Plaintiff's extreme or severe emotional distress.

47. Nichols' and Valenzuela's conduct was intentional and was so extreme as to exceed all bounds of decency in a civilized community.

48. In committing the acts alleged herein, Nichols and Valenzuela were acting within the course and scope of their employment as officers of the LAPD, which is an agency of the City. Thus, the City is liable for their actions under California Government Code § 815.2.

49. As an actual and proximate cause of the wrongful and malicious acts of Nichols and Valenzuela, Plaintiff suffered physical, emotional, and psychological harm in an amount to be proven at trial. Nichols and Valenzuela both acted with oppression and malice. Therefore, Plaintiff is also entitled to punitive damages against Nichols and Valenzuela.

## FOURTH CAUSE OF ACTION
## FALSE IMPRISONMENT
**(Against Nichols and the City)**

50. Plaintiff refers to and incorporates the preceding and subsequent allegations of this Complaint.

51. Nichols, while working as a police officer for the City of Los Angeles, and acting within the course and scope of his duty, seized, detained, and held Plaintiff without a warrant, probable cause, reasonable suspicion, or any legal justification.

///

52. While on duty as a police officer, Nichols ordered Plaintiff under color of authority into his police-owned and police-issued vehicle for the purpose of sexually assaulting her; he transported her to a secluded location for the purpose of sexually assaulting her; and Nichols then sexually assaulted Plaintiff as set forth herein.

53. Nichols neither had, nor claimed to have, any legal basis for detaining, seizing, arresting, or transporting Plaintiff.

54. In performing the acts alleged herein, Nichols was acting within the course and scope of his employment as an officer of the LAPD, which is an agency of the City. Thus, the City is liable for his actions under California Government Code § 815.2.

55. As an actual and proximate cause of the wrongful and malicious acts of Nichols, Plaintiff suffered physical, emotional, and psychological harm in an amount to be proven at trial. Nichols acted with oppression and malice. Therefore, Plaintiff is also entitled to punitive damages against Nichols.

## FIFTH CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS (FOURTH AMENDMENT)
### (Against Nichols and Valenzuela)

56. Plaintiff refers to and incorporates the preceding and subsequent allegations of this Complaint.

57. Nichols and Valenzuela used their official powers and authority to unlawfully seize, detain, and sexually assault Plaintiff. They committed the acts herein after having used their official authority to unlawfully seize her, transport her in their police vehicle, and exercise continuing dominion over her therein.

58. In so doing, they violated Plaintiff's right under the Fourth Amendment to the United States Constitution to be free from unreasonable seizures. In committing the acts alleged herein, Defendants unreasonably seized Plaintiff and unreasonably violated her rights to bodily integrity, thus giving rise to Plaintiff's

claim for damages under 42 U.S.C. § 1983.

59. In committing the acts alleged herein, Nichols and Valenzuela were acting within the course and scope of their employment as officers of the LAPD, which is an agency of the City.

60. As an actual and proximate cause of the wrongful and malicious acts of Nichols and Valenzuela, Plaintiff suffered physical, emotional, and psychological harm in an amount to be proven at trial. Nichols and Valenzuela both acted with oppression and malice. Therefore, Plaintiff is also entitled to punitive damages against Nichols and Valenzuela.

## SIXTH CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS (FOURTEENTH AMENDMENT)
### (Against Nichols and Valenzuela)

61. Plaintiff refers to and incorporates the preceding and subsequent allegations of this Complaint.

62. Nichols and Valenzuela used their official powers and authority to unlawfully seize, detain, and sexually assault Plaintiff. They committed the acts herein after having used their official authority to unlawfully seize her, transport her in their police vehicle, and exercise continuing dominion over her therein.

63. The sexual assault of a vulnerable young woman, committed by an on-duty police officer in a police-issued vehicle, is egregious and outrageous and shocks the conscience; and it thereby violates Plaintiff's right to due process under the Fourteenth Amendment to the United States Constitution, thus giving rise to Plaintiff's claim for damages under 42 U.S.C. § 1983.

64. In committing the acts alleged herein, Nichols and Valenzuela were acting within the course and scope of their employment as officers of the LAPD, which is an agency of the City.

65. As an actual and proximate cause of the wrongful and malicious acts of Nichols and Valenzuela, Plaintiff suffered physical, emotional, and psychological

harm in an amount to be proven at trial. Nichols and Valenzuela both acted with oppression and malice. Therefore, Plaintiff is also entitled to punitive damages against Nichols and Valenzuela.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF CIVIL RIGHTS (BANE ACT)
### (Against Nichols and Valenzuela)

66. Plaintiff refers to and incorporates the preceding and subsequent allegations of this Complaint.

67. The United States Constitution and the California Constitution give Plaintiff the right to be free from unreasonable seizures; to be free from unreasonable invasions of bodily integrity; and to be free from egregious and outrageous actions that shock the conscience. Nichols and Valenzuela, two on-duty police officers, violated all these rights, while acting under color of state law.

68. Nichols and Valenzuela attempted to, and did, interfere with those rights by threats, intimidation, and coercion, thus giving rise to Plaintiff's claim for damages under California Civil Code § 52.1.

69. In committing the acts alleged herein, Nichols and Valenzuela were acting within the course and scope of their employment as officers of the LAPD, which is an agency of the City.

70. As an actual and proximate cause of the wrongful and malicious acts of Nichols and Valenzuela, Plaintiff suffered physical, emotional, and psychological harm in an amount to be proven at trial. Nichols and Valenzuela both acted with oppression and malice. Therefore, Plaintiff is also entitled to punitive damages against Nichols and Valenzuela.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

1. For damages in excess of $3 million, including general damages, special damages, and punitive damages (based on oppression and malice), in

accordance with proof at trial;

2. For attorneys' fees pursuant to 42 U.S.C. § 1988, costs and interest; and

3. For such other and further relief as the Court deems just and proper.

DATED: March 28, 2016    MILLER BARONDESS, LLP

By:   /s/ *Daniel S. Miller*
   DANIEL S. MILLER
   Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

DATED: March 28, 2016            MILLER BARONDESS, LLP


By:      /s/ *Daniel S. Miller*
         DANIEL S. MILLER
         Attorneys for Plaintiff