1  DANIEL S. MILLER (State Bar No. 218214)
   dmiller@millerbarondess.com
2  DAVID W. SCHECTER (State Bar No. 296251)
   dschecter@millerbarondess.com
3  MILLER BARONDESS, LLP
   1999 Avenue of the Stars, Suite 1000
4  Los Angeles, California 90067
   Telephone:  (310) 552-4400
5  Facsimile:   (310) 552-8400

6  DENNIS W. CHANG (State Bar No. 135613)
   dennis@changlaw.com
7  THE LAW OFFICES OF DENNIS W. CHANG, P.C.
   1055 West 7th Street, Suite 2800
8  Los Angeles, California 90017
   Telephone:  (213) 553-1122
9  Facsimile: (213) 553-1125

10 Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | |
|---|---|
| JANE DOE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LUIS VALENZUELA, an individual; JAMES NICHOLS, an individual; THE CITY OF LOS ANGELES, a municipality,<br><br>Defendants. | **CASE NO. 2:16-cv-02085-CAS (AGRx)**<br><br>**PLAINTIFF'S UNOPPOSED *EX PARTE* APPLICATION FOR LEAVE OF COURT TO DEPOSE DEFENDANTS LUIS VALENZUELA AND JAMES NICHOLS**<br><br>Assigned to the Hon. Christina A. Snyder and Hon. Alicia G. Rosenberg<br><br>[Filed Concurrently with Declaration of David W. Schecter and [Proposed] Order]<br><br>Action Filed:  March 28, 2016<br>Trial Date:      December 4, 2018 |

392990.2                                                          Case No. 2:16-cv-02085-CAS (AGRx)
PLAINTIFF'S UNOPPOSED EX PARTE APPLICATION FOR ORDER PERMITTING DEPOSITIONS OF
DEFENDANTS LUIS VALENZUELA AND JAMES NICHOLS

# *EX PARTE* APPLICATION

Pursuant to Federal Rule of Civil Procedure 30(a)(2)(B), Plaintiff Jane Doe ("Plaintiff") moves *ex parte* for this Court's leave to permit Plaintiff to depose Defendants Luis Valenzuela ("Valenzuela") and James Nichols ("Nichols").

Valenzuela and Nichols are currently incarcerated at Ironwood State Prison ("Ironwood"). (*See* Declaration of David W. Schecter ("Schecter Decl.") at ¶ 3.) A party must obtain leave of court to conduct a deposition "if the deponent is confined in prison." Fed. R. Civ. P. 30(a)(2)(B). Rule 30(a)(2) instructs that leave "shall be granted to the extent consistent with the principles stated in Rule 26(b)(1) and (2)." Fed. R. Civ. P. 30(a)(2). Rule 26(b)(1) provides that a party may obtain discovery on "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "The test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make . . . more or less probable . . . [a] fact [that] is of consequence in determining the action.'" *In re Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2672 CRB (JSC), 2018 WL 340640, at *1 (N.D. Cal. Jan. 9, 2018) (quoting Fed. R. Evid. 401) (*In re Volkswagen "Clean Diesel"*).

Good cause supports this *Ex Parte* Application. Plaintiff alleges that she was sexually assaulted by Nichols and Valenzuela while they were acting under color of authority of the Los Angeles Police Department. (ECF Dkt. No. 1 ("Compl.") ¶¶ 15 – 23.) Plaintiff intends to depose Nichols and Valenzuela about these allegations and any defenses they may assert as well as any defenses Defendant the City of Los Angeles (the "City") may assert in this case. These proposed depositions are "well-within the scope of discovery." *Griffin v. Johnson*, Case No. 1:13-cv-01599-LJO-BAM (PC), 2016 WL 4764670, at *1 (E.D. Cal. Sep. 12, 2016) (granting defendants leave to depose the plaintiff who was incarcerated); *see also In re Volkswagen "Clean Diesel,"* 2018 WL 340640, at *5 (granting plaintiffs' unopposed motion to

1 permit depositions of imprisoned Volkswagen senior executives for their roles in the
2 "clean diesel" emissions scheme, finding that each is likely to have knowledge
3 relevant to plaintiffs' claims).

4     Ironwood has limited space to conduct depositions and its calendar for the
5 next few months is severely limited. (Schecter Decl. at ¶ 4.) Plaintiff was able to
6 reserve August 29 and 30, 2018 as dates for the depositions, and those dates have
7 been cleared with counsel for the City. (*Id.* at ¶ 5.) Plaintiff would not likely obtain
8 a Court order prior to the scheduled depositions through a noticed motion, and
9 therefore Plaintiff brings this *Ex Parte* Application. The City does not oppose this
10 *Ex Parte* Application. (Schecter Decl. at ¶ 7, Ex. 1.)

11     For the foregoing reasons, Plaintiff respectfully requests that the Court grant
12 this *Ex Parte* Application.

14 DATED: August 6, 2018        MILLER BARONDESS, LLP

16         By:  /s/ David W. Schecter
17             DANIEL S. MILLER
            DAVID W. SCHECTER
18             Attorneys for Plaintiff